# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CONTRERAS,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　　　　Respondents. | Civil No.　07cv1303 WQH (RBB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

HAYES, Judge:

　　Petitioner, a person incarcerated at Calipatria State Prison and proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and § 2241.  Petitioner contends that he is being subjected to violations of his federal Constitutional rights as a result of an immigration hold issued by the Department of Homeland Security because he does not have adequate access to a law library and is housed at a Level IV prison rather than a Level II prison where he would be housed but for the immigration hold. (Pet. at 3-7.)  Petitioner requests a stay of deportation, appointment of counsel, and requests that the Court "allow amendment of the Petition when on July 3, 2007 Petitioner will be transferred to some unknown INS facility." (*Id.* at 4, 7.)

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has neither paid the filing fee nor submitted an application to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than October 23, 2007,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee. (A blank motion to proceed in forma pauperis form is included with this Order for Petitioner's convenience.)

**HABEAS CORPUS JURISDICTION**

Petitioner fails to allege whether he is currently in custody pursuant to the judgment of a state court or in the custody of the Department of Homeland Security. It also is unclear from the face of the Petition whether Petitioner intends to proceed in this action with a habeas petition or seeks to bring a civil rights action pursuant to 42 U.S.C. § 1983.

The allegations in the Petition relate to the conditions of confinement at Calipatria State Prison. Petitioner fails to allege that the interference with his law library access or the "harsh" conditions of his confinement is affecting, or has affected, the duration of his custody. If Petitioner seeks to invoke this Court's jurisdiction under 28 U.S.C. § 2254, he must allege that he is in custody pursuant to a state court judgment and that he intends to challenge the constitutional validity or duration of present confinement. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973). If Petitioner seeks to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 2241, he must allege that he is in custody in violation of the Constitution or laws or treaties of the United States and that he is a federal prisoner or "a state prisoner who is not in custody pursuant to a state court judgment–for example, a defendant in pre-trial detention or awaiting extradition." *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004). If Petitioner is presenting a challenge to the conditions of his confinement at Calipatria State Prison and is not seeking immediate or speedier release, he must file a separate civil rights complaint pursuant to 42 U.S.C. § 1983 if he seeks to pursue such claims. *See generally Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a

prisoner to challenge the 'legality or duration' of confinement. A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'") (quoting *Preiser*, 411 U.S. at 484, 498-99).

Additionally, if Petitioner seeks to bring a habeas petition, he must name the proper respondent. Under § 2254, a state prisoner must name the state officer having custody of him as the respondent. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." *Id.* Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.* Similarly, under 28 U.S.C. § 2242, the proper respondent in a § 2241 petition is the custodian of the institution where the federal prisoner is incarcerated. The Supreme Court reaffirmed this "immediate-custodian" rule when it stated that "whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent. . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

## STAY OF DEPORTATION

A motion for stay pending a district court's review of a petition for writ of habeas corpus on the merits is reviewed under the same standards used to evaluate motions for preliminary injunctive relief. *See Andreiu v. Ashcroft*, 253 F.3d 477, 480 (9th Cir. 2001). The petitioner must show "either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor." *Id.* (quoting *Abbassi v. I.N.S.*, 143 F.3d 513, 514 (9th Cir. 1998)). "'These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified.'" *Andreiu*, 253 F.3d at 483 (quoting *Abbassi*, 143 F.3d at 514). However, if the applicant shows no chance of success on the merits, the injunction should not issue. *See Arcamuzi v. Continental Airlines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987).

The Petition, as presently framed, is insufficient to be considered as a habeas corpus petition and therefore shows no chance of success on the merits. In the event Petitioner seeks

1  to file a petition for writ of habeas corpus challenging a final order of deportation or removal,
2  the district court would lack jurisdiction to consider the petition because the entire habeas corpus
3  proceeding would then be within the sole and exclusive jurisdiction of the Ninth Circuit Court
4  of Appeals, including any emergency motion for a temporary stay of deportation or removal.
5  *See* 8 U.S.C. § 1252 ; *see also Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir.
6  2005). "[T]he [REAL ID] Act makes circuit courts the 'sole' judicial body able to review
7  challenges to final orders of deportation, exclusion, or removal." *Alvarez-Barajas*, 418 F.3d at
8  1052 (citing REAL ID Act § 106(a)). The Act eliminated habeas jurisdiction over final orders
9  of deportation, exclusion or removal. *See id.* The jurisdictional provisions of the REAL ID Act
10 were effective May 11, 2005, and apply to any "final administrative order of removal,
11 deportation, exclusion" that was "issued before, on, or after the date of enactment." REAL ID
12 Act § 106(b).

13     Therefore, the request for stay of deportation is denied without prejudice.

### APPOINTMENT OF COUNSEL

15     There currently exists no right to the appointment of counsel in habeas proceedings. *See,*
16 *e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773
17 (8th Cir. 1984). Although 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage
18 of the case "if the interests of justice so require," *see* 18 U.S.C. § 3006A(a)(2)(B), the Court has
19 determined that the interests of justice do not require the assistance of counsel at this stage in the
20 proceedings. Should the Court later find otherwise, it can issue an order of appointment sua
21 sponte or by renewed motion. To date, however, Petitioner has not filed a habeas petition
22 invoking the jurisdiction of this Court; therefore, the Court finds that no such appointment of
23 counsel is warranted at this time.

### CONCLUSION

25     Based on the foregoing, the Court **DENIES** Petitioner's request for a stay of deportation
26 and **DISMISSES** this action without prejudice because Petitioner has failed to satisfy the filing
27 fee requirement and has failed to allege a basis for habeas jurisdiction. To have this case
28 reopened, Petitioner must satisfy the filing fee requirement and file a First Amended Petition no

1 later than **October 23, 2007**, that cures the pleading deficiencies set forth above. The dismissal
2 of the Petition is also without prejudice to Petitioner to file a separate civil rights complaint, if
3 he wishes, pursuant to 42 U.S.C. § 1983. Petitioner's motion for appointment of counsel is
4 **DENIED** without prejudice. The Clerk of the Court shall send Petitioner a blank in forma
5 pauperis application along with a copy of this Order.

6 DATED: July 31, 2007

**WILLIAM Q. HAYES**
United States District Judge